UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Melissa Helton,

Plaintiff

v.

Premier Magnesia, LLC,

Defendant

Case No.: 2:25-cv-02633-CDS-DJA

**Order Granting Defendant's Motion to Dismiss and Denying without Prejudice Request for Judicial Notice**

[ECF Nos. 18, 19]

Plaintiff Melissa Helton brings this putative Fair Labor Standards Act (FLSA) and related claims collective action against defendant Premier Magnesia, LLC. *See* Compl., ECF No. 1. On February 18, 2026, Premier filed a motion to dismiss the complaint, arguing that Helton's claims fail because they are subject to a collective bargaining agreement (CBA). *See* Mot., ECF No. 18. In conjunction with its dismissal motion, Premier requests that the court take judicial notice of the CBA. Req., ECF No. 19. Helton opposes both filings, asserting that Premier improperly relied on the CBA in bringing its motion, which cannot be considered at this stage of the litigation, so taking judicial notice of it is likewise improper. *See* Opp'ns, ECF Nos. 21, 22. The motion to dismiss is fully briefed. Reply, ECF No. 23. For the reasons set forth herein, the defendant's motion to dismiss is granted, but its request for judicial notice is denied without prejudice.

## I. Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A pleading must give fair notice of a legally cognizable claim, and a plaintiff must proffer

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

At the motion to dismiss stage, the court only considers the well-pleaded allegations in the plaintiff's complaint. *Twombly*, 550 U.S. at 555. Typically, when a party submits evidence outside the pleadings in a motion to dismiss, the court converts the motion to a motion for summary judgment and imposes Rule 56's standard. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, a court may also take judicial notice of facts not reasonably in dispute without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it's clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). There are five factors used to assess the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleading. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## II. Discussion

Generally, both the Fair Labor Standards Act (FLSA) and the Nevada analogue require employers to pay their employees at least one and one-half times their regular rate of pay for hours worked in excess of 40 hours in one week. *See* 29 U.S.C. § 207(a)(1); NRS 608.018. As alleged in the complaint, from March through November 2024, Helton was employed as an hourly employee by Premier. ECF No. 1 at ¶¶ 2, 40. During that time, Helton and other hourly

employees regularly worked more than 40 hours a week, but they were not paid for all hours worked, nor were they paid at the overtime rate. *Id.* at ¶¶ 3–6. Further, although Premier required Helton and others to put on the gear necessary to safely perform their duties,[1] they were required to arrive early to put on that gear and were not compensated for that time. *Id.* at ¶¶ 6, 8. Similarly, Helton and others were required to remove and store that gear at the end of their shifts,[2] as well as to complete paperwork, but they were also not compensated for that time. *Id.* at ¶¶ 7–8. Instead of paying their employees overtime for their pre- and post-work activities, Premier paid Helton and other hourly employees "non-discretionary bonuses." *Id.* at ¶ 12. Based on these allegations, Helton contends that Premier willfully violated the FLSA and Nevada law. *See id.* at 15–21. Premier moves for dismissal on two grounds: (1) Helton failed to exhaust her administrative remedies under the CBA, and (2) Helton's claims are barred under the CBA.

As a threshold matter, I resolve Premier's request to take judicial notice of the CBA. ECF No. 19. Courts in the Ninth Circuit regularly take judicial notice of collective bargaining agreements on a motion to dismiss when the documents are not subject to reasonable dispute. *Lujano v. Piedmont Airlines, Inc.*, 734 F. Supp. 3d 988, 995 (C.D. Cal 2024) (collecting cases). Here, Helton does not directly dispute the existence nor the accuracy of the CBA and instead claims she is unable to address the CBA's authenticity until she receives a copy through discovery. *See* ECF No. 21. She adds, however, that she does not consent to judicial notice, so the court cannot consider the CBA. *See id.* She also argues that Premier "failed to indisputably establish the CBA is generally known within the Court's jurisdiction, nor did it conclusively prove its terms are not subject to dispute," and thus the court may not take judicial notice of the CBA. *Id.* at 2.

I need not determine if I should grant Premier's request to take judicial notice of the CBA at this time. In its motion, Premier contends that Helton's FLSA claim is precluded by § 301 of

[1] Premier refers to this process as "donning." *See* ECF No. 18 at 6.
[2] Premier refers to this process as "doffing." *Id.*

the Labor Management Relations Act (LMRA), which controls suits for violations of contracts, like the CBA, between an employer and a labor organization representing employees, *see* 29 U.S.C. § 185. ECF No. 18 at 8. Premier argues that the LMRA precludes Helton's FLSA claim because the FLSA specifically permits a collective bargaining agreement to exclude time spent donning and doffing from measured working time and thus the resolution of Helton's FLSA claim is "substantially dependent" on whether the CBA in fact excluded donning and doffing from measured working time. *Id.* And because the CBA controls, Premier argues that Helton had to exhaust the grievance procedure in that agreement before bringing suit. *Id.* While Helton's opposition includes a header that reads "Plaintiff's FLSA Claim is Not Precluded Because It Does Not 'Substantially Depend' on Analysis of the CBA," *see* ECF No. 22 at 4–6, nothing in that section addresses whether her FLSA claim is substantially dependent on the CBA because of any such exclusion. Instead, Helton argues that she was not required to exhaust administrative remedies before commencing this action because the right she asserts was violated (e.g., her right to overtime) arose from statute and not from the CBA. *See id.*

Helton's arguments are technically correct: the Ninth Circuit has clearly established that employees need not exhaust CBA grievance procedures when seeking to vindicate rights created by the FLSA because FLSA rights are substantive individual rights that cannot be waived through collective bargaining. *See Albertson's, Inc. v. United Food & Com. Workers Union, AFL-CIO & CLC*, 157 F.3d 758 (1998). But that does not save Helton's complaint from dismissal because she failed to address Premier's arguments that the FLSA claim fails because it is substantially dependent on the CBA. It is well-settled in this District that a party's failure to respond to arguments presented in a motion constitutes consent to granting that motion. *See, e.g.*, *Knickmeyer v. Nevada ex rel. Eighth Jud. Dist. Court*, 173 F. Supp. 3d 1034, 1044 (D. Nev. 2016); *see also Duensing v. Gilbert*, 2013 WL 1316890, at *5 n.3 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on an issue constitutes consent to the granting of the motion); *Gudenavichene v. Mortg.*

*Elec. Registration Sys.*, 2012 WL 1142868, at *2 (D. Nev. Apr. 4, 2012) (same). Consequently, Premier's motion to dismiss the FLSA claim is granted.

Premier also seeks dismissal of Helton's state law claims, arguing that those claims are preempted by the LMRA, so Helton, as an employee, must exhaust the CBA's grievance and arbitration process. *See* ECF No. 18 at 9–11. Helton responds that the Ninth Circuit rejected similar arguments in *Jacobs v. Mandalay Bay Corp.*, 378 F. App'x 685, 686 (9th Cir. 2010). As argued by Helton, the employer in *Jacobs* argued that the plaintiff might be exempt from protection under Nevada state law, and to make that determination, the court must interpret the CBA. ECF No. 22 at 8 (citing *Jacobs*, 378 F. App'x at 687). *Jacobs* rejected that argument, holding that "a purported waiver or bargaining away of state law protections would have to be 'clear and unmistakable . . . for a court to even consider whether it could be given effect,'" *id.* at 687, and finding that there was no clear statement that the employees had bargained away their state law protections, those claims were not preempted. *Id.* Relying on *Jacobs*, Helton avers her claims are brought solely pursuant to "NRS 608.016, NRS 608.018, and Nev. Const. Art. 15, § 16, independent of the CBA's terms," and that she does not seek "purely to vindicate a right or duty created by the CBA itself," so her state law claims are not preempted on those grounds. ECF No. 22 at 8. But this court cannot square the arguments that Helton is not trying to vindicate a right or duty created by the CBA without considering or looking at the CBA. Yet, as noted, Helton opposes this court taking judicial notice of the CBA. Helton cannot have it both ways: objecting to this court taking judicial notice of the CBA, while also arguing that she is not trying to vindicate any rights or duty contained in the CBA. Consequently, because the court cannot properly consider Helton's arguments in opposition to Premier's motion to dismiss the state law claims without consideration of the CBA, the motion is granted.

However, because it is unclear whether amendment would be futile, Premier's motion is granted in full so the complaint is dismissed but without prejudice and with leave to amend. If Helton elects to file an amended complaint, she must do so by October 5, 2026, and it must be titled "First Amended Complaint."

## III. Conclusion

IT IS HEREBY ORDERED that Premier Magnesia, LLC's motion to dismiss **[ECF No. 18] is granted**.

IT IS FURTHER ORDERED that if Melissa Helton elects to file an amended complaint, it must be filed by October 5, 2026.

Dated: September 18, 2026

Cristina D. Silva
United States District Judge